ground of the absence of a material witness, *held* not reversible error where the affidavit filed in support of the motion, though setting forth that the witness was an important witness for the defendant, that it had a good defense to the action as set forth in the affidavit of merits, that the witness could substantiate the allegations therein if he were present and that without his presence the defendant would be greatly prejudiced, did not set forth the particular facts to which such witness would testify if present at the trial, and did not show diligence on the part of the defendant to procure the attendance of such witness.

## Michael Kramp et al., Plaintiffs in Error, v. Louis Thexton et al., Defendants in Error.

### Gen. No. 21,673.    (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed October 10, 1916.

## Statement of the Case.

Suit by Michael Kramp *et al.*, complainants, against Louis Thexton *et al.*, defendants, to foreclose a mortgage. To review an order setting aside a personal deficiency decree entered against Louis Thexton, the complainants prosecute a writ of error.

This case was before the Appellate Court on a former appeal in *Kramp v. Kramp*, 185 Ill. App. 464, wherein a decree, ordering that certain premises in which Louis Thexton owned the equity be sold subject to a first mortgage to pay a second mortgage, was affirmed. After sale of the premises an order was entered in the Superior Court approving the sale, and a personal deficiency judgment was entered against Louis Thexton and the one who had executed the second mortgage. On motion by Louis Thexton an order

was entered by another judge of the Superior Court, modifying the decree by setting it aside so far as it made Louis Thexton liable for the deficiency. To review that order the complainants prosecute this writ of error.

HAMLIN & TOPLIFF, for plaintiffs in error.

HARVEY STRICKLER, for defendants in error.

MR. JUSTICE McGOORTY delivered the opinion of the court.

## Abstract of the Decision.

1. COURTS—*when Superior Court power to vacate order or decree.* The Superior Court has the discretionary power at any time during the term at which an order or decree in a cause has been entered, whether it be interlocutory or final, to vacate and set it aside for such cause as may be necessary to promote justice.

2. COURTS—*when judge of Superior Court power to set aside judgment entered by another judge.* A judge of the Superior Court has the power in a proper case to set aside a personal deficiency judgment entered in foreclosure proceedings by another judge of the same court during the same term at which the motion therefor is made.

3. MORTGAGES, § 635*—*when personal deficiency decree properly set aside.* Where the record in a foreclosure suit showed that one against whom a personal deficiency decree had been entered had taken the real estate in question subject to incumbrances and had not assumed them, there being no allegations in the bill of complaint and no finding prior to the decree of sale of any personal liability on his part, *held* that the decree was properly set aside on his motion.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.